UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASEHVILLE DIVISION
1:13-cv-292-FDW

| BOBBY R. KNOX, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ARTHUR DAVIS; COLDS SMITH; FNU SIMMONS; SUSAN COLLIER; FNU GALLAWAY; FNU KEITH, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is a prisoner of the State of North Carolina following his conviction for second-degree sexual offense (principal) on July 9, 2007. Plaintiff is currently housed in Marion Correctional Institution within this district and his projected release date is December 10, 2014.

In his pro se complaint, Plaintiff alleges that he was informed by the mother of his child that his child tested positive for HIV. Plaintiff expressed that he was worried that he might be infected with HIV, and he sought testing and treatment from prison officials. The HIV test came back negative but Plaintiff does not believe the results. He maintains that since 2011 he has had conversations with doctors and nurses and with non-medical officials and he is convinced that his medical records have been falsified and prison officials continue to wrongly deny him treatment for HIV.

1

In his claim for relief, Plaintiff moves for injunctive relief, apparently in an effort to obtain treatment for HIV, and to hold the parties responsible for their actions, or omissions, in failing to secure medical treatment for him. (Doc. No. 1 at 4).[1]

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this initial review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (2).

Upon this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

---

[1] For an unknown reason, Plaintiff filed this complaint in the United States District Court, Eastern District of New York, Bronx Division. This matter was transferred to this district from New York on the basis of venue because the allegations arise in North Carolina and largely within this district. (Doc. No. 4: Transfer Order)

2

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739(2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). See N.C. Gen. Stat. §§ 148.118.1-148.118.9 (Article 11A) (detailing NC DPS's three-step, administrative remedy procedure).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

3

In his complaint, Plaintiff states that he has fully exhausted his available state remedies within the state's administrative remedy procedure. However, the Court has examined the complaint and the record in this matter and even though Plaintiff states in his complaint that he has provided copies to the Court which demonstrate his exhaustion of administrative remedies, no such documents were actually filed. Instead, Plaintiff provides a handwritten summary which he must contend satisfies the requirement that he show exhaustion of his remedies within the prison system. At best, Plaintiff has raised nothing short of speculation that he has completed the required exhaustion. The Court finds that this is insufficient to demonstrate exhaustion, and his complaint should be dismissed without prejudice for this reason.

Furthermore, the Court will dismiss Plaintiff's complaint for an additional reason, that is, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). In his complaint, Plaintiff notes that he previously filed a federal lawsuit raising allegations related to his belief that he contracted HIV although he does not identify for the district court where the complaint was filed. (Doc. No. 1 at 1). A review of the docket in the Eastern District of North Carolina (Western Division) shows that Plaintiff filed a complaint in that district and named several of the same defendants. In this complaint, Plaintiff raises nearly identical allegations regarding his monomaniacal belief that he has contracted HIV. Just as in the present case, he acknowledges that he was tested by medical personnel and informed that he tested negative for HIV despite his protestations to the contrary. The district court in the Eastern District dismissed his action for failure to state a claim after noting that there was simply no evidence, aside from speculative and unsupported assertions, that Plaintiff was HIV positive. In fact, the Court noted that all of the evidence of record showed that Plaintiff had been tested and that the results were all negative. On December 13, 2012, the Court dismissed Plaintiff's complaint and he filed an

appeal to the United States Court of Appeals for the Fourth Circuit. See Doc. No. 36 (5:11-ct-03266-F (E.D.N.C. Dec. 13, 2012). The district court's order of dismissal was affirmed for the reasons stated by the district court with the Fourth Circuit noting that it had reviewed the record and found no reversible error. Knox v. Arthur Davis, et al., 516 F. App'x 287 (4th Cir. Apr. 2, 2013); cert. denied, 187 L. Ed. 2d 72 (U.S. Oct. 7, 2013).

In his complaint in the present case, Plaintiff offers no additional allegations which would tend to raise even a reasonable inference that he could have been infected after the conclusion of his appellate review. Moreover, Plaintiff ties the transmission of the HIV to the birth of his child which was long before he filed his complaint in the Eastern District, thus, the issue of whether he has stated a claim for relief for HIV treatment has already been conclusively established in the negative as there is simply no showing that he even has HIV.

For the foregoing reasons, the Court finds that Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge